**PIAZZA v. LITTLE**

[350 N.C. 585 (1999)]

JOHN N. PIAZZA, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF EDITH MAY PIAZZA
v. MICHELLE C. LITTLE AND ANNIE LOU PERRY

No. 193PA98

(Filed 25 June 1999)

**Insurance— automobile—excess liability policy—UIM coverage not required**

An excess personal liability policy is not required by N.C.G.S. § 20-279.21(b)(4) to provide underinsured motorist (UIM) coverage where such coverage is expressly excluded by the terms of the policy.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 129 N.C. App. 77, 497 S.E.2d 429 (1998), affirming an order of summary judgment in favor of plaintiff entered by Griffin, J., on 31 March 1997, in Superior Court, Pitt County. Heard in the Supreme Court 11 January 1999.

*Ward and Smith, P.A., by Teresa DeLoatch Bryant and John M. Martin, for plaintiff-appellee.*

*Yates, McLamb & Weyher, L.L.P., by R. Scott Brown and Travis K. Morton, for unnamed defendant-appellant Automobile Insurance Company of Hartford, Connecticut.*

*Battle, Winslow, Scott & Wiley, P.A., by Marshall A. Gallop, Jr., on behalf of the North Carolina Association of Defense Attorneys, amicus curiae.*

*Ellis, Hooper, Warlick and Morgan, by John Drew Warlick, Jr., on behalf of the North Carolina Academy of Trial Lawyers, amicus curiae.*

PER CURIAM.

The sole issue in this case is whether N.C.G.S. § 20-279.21(b)(4) requires an excess personal liability policy to provide underinsured motorist (UIM) coverage where such coverage is expressly excluded by the terms of the policy. Pursuant to the Court's decision in *Progressive Am. Ins. Co. v. Vasquez*, 350 N.C. 386, 515 S.E.2d 8 (1999), it does not.

Under the decision in *Progressive*, an excess liability policy such as the one at issue in this case is not a "motor vehicle liability policy"

under the terms of N.C.G.S. § 20-279.21(a) and therefore is not subject to the requirements of N.C.G.S. § 20-279.21(b)(3) or (b)(4). Because the terms of the excess liability policy do not provide UIM benefits, and in fact expressly exclude such coverage, plaintiff cannot prevail. *See Progressive Am. Ins. Co.*, 350 N.C. at 395, 515 S.E.2d at 13.

Accordingly, the decision of the Court of Appeals affirming the trial court's entry of summary judgment for plaintiff is reversed. This case is remanded to the Court of Appeals for further remand to the Superior Court, Pitt County for entry of summary judgment for unnamed defendant Automobile Insurance Company of Hartford, Connecticut.

REVERSED AND REMANDED.

Justices FRYE and MARTIN dissent for the reasons stated in the dissenting opinion in *Progressive Am. Ins. Co. v. Vasquez*, 350 N.C. 386, 515 S.E.2d 8 (1999).